UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TIM CHAPMAN and KENNETH A.                    CASE NO.: 1:12-CV-24561-JEM
MODICA, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

vs.

REMINGTON ARMS COMPANY, LLC.,
SPORTING GOODS PROPERTIES, INC.,
and E.I. DU PONT DE NEMOURS AND
COMPANY,

        Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS

    Defendants Remington Arms Company, LLC, Sporting Goods Properties, Inc., and E.I.

du Pont de Nemours & Company, pursuant to Federal Rule of Civil Procedure 12(b)(6), move to

dismiss the Class Action Complaint [D.E. 1] filed by Plaintiffs Tim Chapman and Kenneth A.

Modica, and state as follows:

### INTRODUCTION

    This nine-count putative economic loss class action represents another attempt to pursue

baseless allegations that the Walker Fire Control mechanism in Remington Model 700 rifles is

defective, resulting in damages to purchasers. In 2011 and 2012, the United States District

Courts for the Western Districts of Oklahoma and Arkansas dismissed nearly identical

nationwide class action complaints for failure to allege cognizable claims.[1] Those nationwide

---

[1] *See McCormick v. Remington Arms Co.*, No. 12-cv-215 (W.D. Ok. Sept. 4, 2012) (dismissing
for failure to state a claim) (attached as Ex. A); *Kinzer & Cherry v. Remington Arms Co.*, No. 09-
cv-1242 (W.D. Ok. Sept. 1, 2010, October 28, 2011, & Sept. 4, 2012) (dismissing/entering
defense summary judgment for failure to state a claim) (attached as Composite Exhibit B);

efforts having been futile, this putative statewide class action was filed, seeking economic damages for allegedly defective trigger mechanisms in Model 700 rifles in Florida. As with the prior unsuccessful nationwide efforts, these Plaintiffs' claims fail on multiple levels and should be dismissed.[2]

First, the Complaint is a "shotgun" pleading, which the Eleventh Circuit repeatedly condemns. Second, the FDUTPA claims of both Plaintiffs are barred by the statute of limitations, as are almost all of Plaintiff Chapman's claims. Third, Plaintiffs' tort claims do not involve personal injury or damage to other property and therefore are barred by the economic loss rule. Fourth, Plaintiffs' fraud claim fails because, in addition to being barred by the economic loss rule, it is also not pled with the requisite particularity. Fifth, the implied warranty claims fail for lack of privity, and the express warranty claims fail because the vague allegations do not set forth a viable claim for relief. Sixth, Plaintiffs cannot maintain an equitable unjust enrichment claim because they cannot allege the lack of an adequate remedy at law. Finally, the claim for declaratory relief claim is no more than a request for an impermissible advisory opinion.

## BACKGROUND[3]

Plaintiffs allege the "patented Walker Fire Control" mechanism used in Remington firearms is defectively designed, in that it purportedly allows debris and other foreign material to slip between the trigger and the trigger connector, causing the mechanism to be susceptible to unintended firings when the trigger has not been pulled. Compl. at ¶¶ 25–26. Plaintiffs claim

---

*Rodgers & Brooks v. Remington Arms Co.*, No. 09-cv-1054, 2011 WL 2746150 (W.D. Ark. July 12, 2011), 2010 WL 6971894 (W.D. Ark. Oct. 27, 2010) (dismissing for failure to state a claim).

[2] Plaintiffs' putative class counsel from Kansas City and Montana were also putative class counsel in the *McCormick* and *Kinzer* cases.

[3] These "facts" are taken from the Complaint and assumed true only for purposes of this Motion.

that, despite their alleged knowledge of the issue and research into alternatives, Defendants continued to use the Walker Fire Control in the Model 700 rifles at issue in this lawsuit.

Plaintiff Chapman purchased a Remington Model 700 in December 1985 from a Miami retailer and claims he experienced an accidental discharge while hunting in Hendry County, Florida in October 2009. *Id.* at ¶ 10. Plaintiff Modica purchased a Remington Model 700 in October 2005 from a retailer in Dania Beach, Florida and alleges his rifle accidentally discharged while he was boar hunting in Okeechobee, Florida on August 8, 2008. *Id.* at ¶ 11.

The two individual Plaintiffs seek to certify a class consisting of all "individuals in the State of Florida that [sic] own a Remington Model 700 Rifle with a Walker Fire Control Trigger Mechanism." *Id.* at ¶ 60. Plaintiffs expressly exclude from the proposed class any "persons claiming personal injuries as a result of the defect in the Remington 700." *Id.* Plaintiffs seek economic damages for (1) violation of the Florida Deceptive and Unfair Trade Practices Act; (2) strict products liability; (3) negligence; (4) violation of the Magnuson-Moss Act; (5) breach of express warranty; (6) breach of implied warranty of merchantability; (7) fraudulent concealment; and (8) unjust enrichment. Plaintiffs additionally seek a declaration that all Remington Model 700 bolt-action rifles employing the Walker Fire Control are defective and that Defendants should issue a recall.

## LEGAL STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6), a court must "accept all well-pleaded factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). The Supreme Court has cautioned, however: "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the pleading rules require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and such legal conclusions may be disregarded in judging the sufficiency of the complaint. *Id.*

The "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must set forth a claim for relief that is plausible—not just possible—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotations omitted).

## ARGUMENT

## I.     The Complaint Must Be Dismissed as an Improper "Shotgun" Pleading.

The Complaint is a classic example of a "shotgun style pleading" prohibited under Rules 8 and 10. Each of the nine counts purports to incorporate ***every*** preceding paragraph, including all allegations in each of the prior counts, Compl. at ¶¶ 70, 89, 101, 107, 119, 130, 139, 146, 151; *Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009), making  it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 365–66 (11th Cir. 1996).[4] A defendant is "not expected to frame a responsive pleading" to a shotgun complaint. *Id.* at 366. Instead, the complaint must be dismissed. *E.g.*, *Terrell v. DirecTV, LLC*, No. 12-81244-CIV, 2013 U.S. Dist.

---

[4] "Since 1985," the Eleventh Circuit has "explicitly condemned shotgun pleadings upward of fifty times." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008).

LEXIS 16132 (S.D. Fla. Feb. 6, 2013) (dismissing shotgun pleading with specific instructions regarding amendment).

Beginning with the undisputable premise that this "shotgun" Complaint must be dismissed, the only question is whether Plaintiffs could amend and state viable claims. As explained below, they cannot do so. The Complaint should be dismissed with prejudice.

**II.    Both Plaintiffs' FDUTPA Claims are Time-Barred, and Plaintiff Modica's Other Claims are Time-Barred.**

   ***A.    The Statute of Limitations Plainly Bars Both Plaintiffs' FDUTPA Claims.***

Count I alleges that Defendants violated FDUTPA,[5] for which the statute of limitations is four years. Fla. Stat. § 95.11(3)(f); *Brown v. Nationscredit Fin. Servs. Corp.*, 32 So. 3d 661, 662 n.1 (Fla. 1st DCA 2010). As the Complaint was filed on December 31, 2012, unless the FDUTPA claims accrued after December 31, 2008, they are time-barred.

A claim accrues under Florida law when the last element supporting the cause of action occurs. The last element of a FDUTPA claim is actual damages, which have "long been defined as the difference in market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered." *Collins v. DaimelerChrysler Corp.*, 894 So. 2d 988, 990 (Fla. 5th DCA 2004). Thus, all of the elements occurred, and the cause of action under FDUTPA accrued, when Plaintiffs ***purchased*** the rifles whose allegedly defective trigger mechanisms diminished their value. *Matthews v. Am. Honda Motor Co.*, No. 12-60630-CIV, 2012 WL 2520675, *3–4 (S.D. Fla., June 6, 2012) (FDUTPA

---

[5] Plaintiffs' proposed class definition includes Model 700 owners whose rifles were purchased or exhibited an accidental discharge in states other than Florida. Compl. at ¶ 60 (defining the putative class as "[a]ll individuals in the State of Florida that [sic] own a Remington Model 700 Rifle with a Walker Fire Control Trigger Mechanism"). As such, this putative class action potentially implicates the laws of several jurisdictions. Since Plaintiffs allege claims under the FDUTPA, this Motion is limited to a discussion of Florida law. Defendants reserve the right to later challenge, on choice-of-law grounds, other causes of action in Plaintiffs' Complaint.

claim accrued at the time of purchase, not when plaintiffs discovered the product was unusable); *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV, 2011 WL 1833366, *6 (S.D. Fla. May 13, 2011) (delayed discovery doctrine does not apply to FDUTPA claims); *S. Motor Co. of Dade Cnty. v. Doktorcyzk*, 957 So. 2d 1215, 1218 (Fla. 3d DCA 2007) (FDUTPA cause of action accrued on date of sale).

Here, the Chapman rifle was purchased in December 1985 and the Modica rifle was purchased in October 2005. Even if otherwise legally viable, Plaintiffs' FDUTPA claims accrued far more than four years before the Complaint was filed.

Plaintiffs attempt to avoid the obvious impact of the statute of limitations by suggesting that neither discovered the alleged defects until their rifles supposedly fired unexpectedly on August 8, 2008 (for Modica) and October 2009 (for Chapman). Compl. at ¶¶ 10–11. This is irrelevant. The delayed-discovery doctrine does not apply to FDUTPA claims. *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV, 2011 WL 1833366, *6; *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip. Co.*, 793 So. 2d 1127, 1128 (Fla. 5th DCA 2001), *approved by Davis v. Monahan*, 832 So. 2d 708, 711 (Fla. 2002). Nor is the statute of limitations tolled simply because a plaintiff has not discovered a cause of action until after the limitations period expires. Fla. Stat. § 95.051 (allowing tolling only in limited situations, such as a defendant's absence from the jurisdiction or avoidance of service of process). Plaintiffs' FDUTPA claims are time-barred and should be dismissed with prejudice.[6]

---

[6] The Complaint also seeks punitive damages, which are not permitted under the FDUTPA. *Rollins v. Black*, 167 F. App'x 798, 799 (11th Cir. 2006) (recognizing punitive damages are not available for violations of FDUTPA). A FDUTPA claim can seek only "actual damages, plus attorney's fees and court costs." Fla. Stat. § 501.211(2). Courts have consistently ruled that damages other than those set forth in the statute are improper. *E.g.*, *Ace Pro Sound & Recording, LLC v. Albertson*, 512 F. Supp. 2d 1259, 1269 (S.D. Fla. 2007) (other forms of damages, such as consequential damages, are not recoverable under FDUTPA).

### B.     Plaintiff Modica's Claims Are Time-Barred.

Even if Plaintiff Modica's claims did not accrue until August 8, 2008 (the date he alleges his rifle unexpectedly discharged), his FDUTPA claim, as well as his other claims, would still be time-barred. Each claim Modica asserts is subject to a four-year statute of limitations. Fla. Stat. § 95.11(3). He did not file this lawsuit, however, until December 31, 2012—nearly four years and five months after he allegedly became aware of the alleged defect in his rifle. Therefore, all of Modica's claims should be dismissed with prejudice as untimely.[7]

### C.     Equitable Tolling Does Not Apply In This Case

The Complaint alleges in Paragraphs 68 and 69 that Defendants are estopped from relying on applicable statutes of limitation and repose as a result of their alleged fraudulent acts concealing the purported defect in the trigger mechanism. A plaintiff who asserts equitable tolling of the statute of limitations based on fraud has the burden "to show affirmative actions by the Defendants constituting concealment and that [this Plaintiff] exercised reasonable diligence to discover [his or her] cause of action within the limitations period." *Washington v. LaSalle Bank Nat'l Ass'n*, 817 F. Supp. 2d 1345, 1351 (S.D. Fla. 2011) (citing *Hill v. Texaco, Inc.*, 825 F.2d 333, 335 (11th Cir. 1987)). Moreover, as with any claim of fraud, Plaintiffs "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). These necessary allegations are lacking here.

Paragraphs 68 and 69 are little more than legal conclusions that equitable tolling or estoppel applies because Defendants engaged in some unspecified fraudulent act of concealment. None of the particularity required by Rule 9(b) is present. *Wallace v. Mtg. Elec. Registration*

---

[7] It is unclear from the Complaint whether Plaintiffs' express warranty claims are premised on a written instrument and thus subject to a five-year limitations period. Fla. Stat. § 95.11(2). If a five-year statute of limitations applies to Plaintiffs' express warranty claims, those claims should be dismissed for the reasons set forth in Part V.B below.

*Sys., Inc.*, No. 10-CV-2509, 2011 WL 1298195, *4 (M.D. Fla. Apr. 1, 2011) (to plead equitable tolling, plaintiff must comply with heightened pleading requirements of Rule 9(b)). Plaintiffs have failed to "plead the who, what, when, where, and how of the allegedly false statements." *Johnson Controls Inc. v. Uribazo*, No. 12-61271-CIV, 2012 WL 6652934, *2 (S.D. Fla. Dec. 12, 2012) (citing *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008)). Absent are specifics of the time, place, content, and person making any statements, representations, or omissions; the manner in which Plaintiffs were misled; and what Defendants obtained as a result of the fraud. Plaintiffs have also failed to plead any facts whatsoever regarding their attempts to discover the cause of action within the limitations period. Thus, Plaintiffs have not pled a proper basis for equitable estoppel or tolling of the statutes of limitation and repose, and that aspect of Plaintiffs' Complaint should be dismissed.[8]

### III.   The Economic Loss Rule Bars All Plaintiffs' Tort Claims.

Counts II, III, and VII allege Defendants committed the torts of strict products liability, negligence, and fraud, respectively. Each of these claims is barred by the economic loss rule and should therefore be dismissed with prejudice.

The economic loss rule bars tort actions alleging a defect that has purportedly harmed only the product itself but caused no personal injury or damage to other property. *Indem. Ins. Co. v. Am. Aviation, Inc.*, 891 So. 2d 532, 542 (Fla. 2004) ("a manufacturer or distributor in a commercial relationship has no duty beyond that arising from its contract to prevent a product from malfunctioning or damaging itself"); *Turbomeca, S.A. v. French Aircraft Agency, Inc.*, 913

---

[8] Although this Motion does not raise the statute of repose, it too may bar Plaintiffs' claims. There is no tolling of Florida's 12-year statute of repose for fraud claims.  Fla. Stat. § 95.031(2)(a). Tolling the 12-year statute of repose for products liability claims requires that "[a]ny claim of concealment under this section shall be made with specificity and must be based upon substantial factual and legal support." Fla. Stat. § 95.031(2)(d).

So. 2d 714, 716 (Fla. 3d DCA 2005) (same); *Fishman v. Boldt*, 666 So. 2d 273, 274 (Fla. 4th DCA 1996) (the economic loss rule "prohibits recovery in tort where a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself"); *Affiliates for Evaluation & Therapy, Inc. v. Viasyn Corp.*, 500 So. 2d 688 (Fla. 3d DCA 1987); *Cedars of Lebanon Hosp. Corp. v. European X-Ray Distribs. of Am., Inc.*, 444 So. 2d 1068 (Fla. 3d DCA 1984); *see also E. River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871–72 (1986) ("damage to a product itself is most naturally understood as a warranty claim. Such damage means simply that the product has not met the customer's expectations. . .") (cited with approval by *Fla. Power & Light Co. v. Westinghouse Elec. Corp.*, 510 So. 2d 899, 901 (Fla. 1987)).

The economic loss rule plainly applies to these tort claims. The gravamen of Plaintiffs' Complaint is that the products they purchased were allegedly defective and were therefore less valuable than the amount Plaintiffs paid. *E.g.*, Compl. at ¶ 82 ("The defects reduced the effectiveness and performance of the Product and rendered it unable to perform the ordinary purposes for which it was used."); *id.* at ¶ 105 ("This defect has rendered the Product valueless and has caused, and will continue to cause, Plaintiffs and the Class to incur expenses repairing or replacing the Product."). The Florida Supreme Court has expressly included such damages in the definition of "economic loss." *Indem. Ins. Co.*, 891 So. 2d at 536, n.1 ("In the specific context of products liability, economic loss includes the diminution in the value of the product because it is inferior in quality and does not work for general purposes for which it was manufactured or sold.") (internal quotations omitted). Plaintiffs' tort claims are barred by the economic loss rule.

Given the nature of this Complaint, it would be pointless to allow Plaintiffs to re-plead their tort claims. This case is solely about the purported diminished value of Model 700 rifles for

incorporating Walker Fire Control mechanisms.   Any alleged personal injuries or damage to other property are outside the scope of this case. Indeed, Plaintiffs seek to represent a putative class that explicitly excludes "persons claiming personal injuries as a result of the defect in the Remington 700." Compl. at ¶ 60. Plaintiffs' tort claims seeking only economic damages are barred by the products-liability economic loss rule and should be dismissed with prejudice.

## IV.   Plaintiffs Have Also Failed to Plead Fraud With the Requisite Particularity.

Beyond the economic loss rule, Plaintiffs' fraud claim must also be dismissed as not pled with the particularity mandated by Rule 9(b). In describing the minimum particularity required, the Eleventh Circuit has explained:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). In short, a plaintiff "must plead the who, what, when, where, and how of the allegedly false statements." *Johnson Controls*, 2012 WL 6652934, *2.

Although the Complaint here suggests several "representations" allegedly made by Defendants, none of those allegations describes statements Defendants purportedly made to these Plaintiffs, much less when or where any such statements were made, who made them, how they were misleading, or what Defendants gained as a result. By way of example, in paragraph 49, Plaintiffs claim:

> In response to complaints from consumers regarding unintended firings of the Model 700 Rifle without a trigger pull, consumers were asked to return their rifle to Defendants for repair and testing. Defendants purportedly tested the rifle, albeit using undisclosed testing procedures. Following the testing, Defendants

> consistently claimed that they were "unable to duplicate" the unintended discharge, or that they were "unable to duplicate" the customer's complaint. On information and belief, Defendants statements are false and fraudulent and made to deceive and continue to deceive consumers about the defects associated with the Rifles.

Compl. at ¶ 49. This purportedly fraudulent statement satisfies none of the "who, what, when, where, and how" criteria required of a properly-pled fraud claim.

First, it is impossible to determine the precise statements or representations Defendants allegedly made. All that can be determined from this allegation is that the statement or representation included the words "unable to duplicate." Rule 9(b) and the Eleventh Circuit require more particularity. It is likewise impossible to determine from this vague allegation the manner in which the statement or representation was made. It could have been written; it could have been oral. It could have been made to the public at large; it could have been made in a direct communication. These required details are absent, rendering the claim defectively pled.

Second, there is no way to determine when, to whom, or by whom these statements allegedly were made. There are certainly no allegations that any statement was ever made to these particular Plaintiffs. Plaintiffs plead only that unidentified "consumers" complained, at some unspecified time at some unspecified place, and that "Defendants" responded, at some unspecified time at some unspecified place. Defendants have no meaningful way to formulate a response to, much less investigate the merits of, such vague and unparticular allegations of fraud.

Third, the Complaint says nothing about how Defendants' unspecified fraudulent statements allegedly misled Plaintiffs. Neither Plaintiff explains how he relied upon or otherwise changed his actions, if at all, as a result of Defendants' unspecified statements. Some statements by Defendants referenced in the Complaint may have occurred before Plaintiffs purchased their rifles, some may have occurred after purchase but before an alleged accidental discharge, and some may have occurred after an alleged accidental discharge. Details of timing and substance of

the statements at issue are critically important to determining reliance, if any, by either Plaintiff on such statements, the justifiability of such purported reliance, and whether such purported reliance resulted in any damages.

Fourth, Plaintiffs do not explain what Defendants allegedly obtained as a consequence of the fraud. Fraud is an intentional tort. Plaintiffs must provide at least some facts to support the required element of intent. The Complaint, as pled, is deficient in that regard.

In addition to Paragraph 49, other allegedly fraudulent statements described in the Complaint are similarly vague and lacking in the required particularity. Compl. at ¶¶ 51–58; 140–145. The closest Plaintiffs ever come to identifying specific statements is in the lengthy description of a documentary aired on CNBC in 2010 and Remington's response to certain allegations therein. Compl. at ¶¶ 51–58. Even if this were pled specifically enough (it is not), Plaintiffs' fraud claim would still fail because those statements were made *after* Plaintiffs purchased the products and *after* they allegedly experienced accidental discharges. Such post-purchase and post-defect-manifestation statements cannot possibly form the basis of a viable fraud claim. *E.g.*, *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1177 (11th Cir. 1994) (fraud cannot be premised on false representations made after the fact because they could not "have been intended to convince" the other party to enter the agreement).

For all of these reasons, Plaintiffs' fraud claim should be dismissed.[9]

---

[9] Should the Court allow Plaintiffs to re-plead their fraud claim despite the economic loss rule, Plaintiffs should, at minimum, not be allowed to base the claim on statements made after Plaintiffs purchased the products. Plaintiffs also should not be allowed to base the fraud claim on statements made before December 31, 2000. Florida's statute of repose requires that fraud claims be brought within 12 years of the allegedly fraudulent statement, and there is no tolling of this repose period for delayed discovery. Fla. Stat. § 95.031(2)(a).

**V.     Plaintiffs Have Failed to Plead Viable Warranty Claims.**

Counts IV, V, and VI of Plaintiffs' Complaint allege that Defendants violated the Magnuson-Moss Consumer Products Liability Act ("MMWA"), breached an express warranty that is not attached to or fully quoted in the Complaint, and breached the implied warranty of merchantability. The implied warranty claims (under state law and the MMWA) fail for lack of privity. The express warranty allegations (under state law and the MMWA) also do not state a claim upon which relief could be granted. These counts must therefore be dismissed.

**A.     The Implied Warranty Claims Fail For Lack Of Privity.**

Count VI alleges that Defendants breached one or more implied warranties. Florida law is well settled that "privity of contract is required to maintain an action for breach of an implied warranty." *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 325 (Fla. 3d DCA 2008) (citing *Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37 (Fla. 1988); *Weiss v. Johansen*, 898 So. 2d 1009 (Fla. 4th DCA 2005); *Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.*, 637 So. 2d 968 (Fla. 5th DCA 1994)). Not only have Plaintiffs failed to allege privity of contract with Defendants, their allegations make abundantly clear that privity did ***not*** exist. Paragraphs 10 and 11 admit that neither Plaintiff purchased his rifle directly from Defendants—both were bought at retail stores. Absent privity between Plaintiffs and Defendants, there can be no cause of action for breach of an implied warranty. *E.g.*, *Kinzer & Cherry v. Remington Arms Co.*, No. 09-cv-1242 (W.D. Ok. Sept. 1, 2010 & & Sept. 4, 2012) (dismissing implied warranty claims for lack of privity) (attached as Composite Exhibit B).

To the extent it is based on some alleged breach of an implied warranty, Plaintiffs' MMWA claim fails for the same reason. Remedies for breaches of implied warranties under the MMWA are governed by state law. *Ocana*, 992 So. 2d at 325; *accord Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986); *Abraham v. Volkswagen of Am., Inc.*, 759 F.2d 238, 248–

49 (2d Cir. 1986). "The MMWA does not supplant state law privity requirements for implied warranty claims." *Ocana*, 992 So. 2d at 325; *accord Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005). Because their implied warranty claims under Florida law fail for lack of privity, Plaintiffs cannot maintain a MMWA claim based on implied warranties. *Id*; *Brisson v. Ford Motor Co.*, 349 F. App'x 433, 434 (11th Cir. 2009) ("The district court properly dismissed the implied warranty claim [under the MMWA] because plaintiffs did not allege privity between themselves and [the manufacturer].").

Accordingly, all of Plaintiffs' implied warranty claims must be dismissed with prejudice.

**B.      Plaintiffs Have Not Stated a Cause of Action for Breach of Express Warranty Under Florida Law.**

A valid express warranty claim under Florida law requires that Plaintiffs plead, at minimum: (1) facts in respect to the sale of goods, (2) identification of the types of warranties created, (3) facts in respect to the creation of a particular warranty, (4) facts in respect to the breach of the warranty; (5) notice to seller of breach, and (6) the injuries sustained as a result of the breach. *Dunham-Bush, Inc. v. Thermo-Air Serv. Inc.*, 351 So. 2d 351, 353 (Fla. 4th DCA 1977); Fla. Stat. §§ 672.313–672.315, 672.607. Formulaic recitations of these elements will not suffice; Plaintiffs must plead facts sufficient to raise the likelihood of success beyond a speculative level. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Plaintiffs have not done so here. Their express warranty claims are insufficiently pled in numerous ways.

First, Plaintiffs fail to allege any facts in respect to the creation of the warranty other than their assertion that Defendants offered some form of written warranty to purchasers of the Remington Model 700.

> These written warranties include Defendant's warranty which provided with the product sold to Plaintiffs and other members' of the Class, which states that Defendant warrants to the original purchaser of a new firearm that "your Remington firearm will be free from defect in material and workmanship." In the

> event a defect is found the purchaser must return the gun to the factory or an authorized warranty repair center at their own cost. Defendants then have the option to" repair the defect(s) or replace the firearm at no cost to you."

Compl. at ¶ 113 (errors in original). Plaintiffs do not describe where this warranty appeared or whether it was provided to these Plaintiffs. Plaintiffs also do not attach the purported written warranty to the Complaint, and the typographic error in Paragraph 113 makes it difficult to discern precisely what Plaintiffs allege to be the terms of the warranty. In fact, Plaintiffs' allegations regarding the terms of the alleged express warranties are inconsistent. *Compare* Compl. at ¶ 113 (quoted above) *with* Compl. at ¶ 120 (averring that the words "at no cost to you" were printed in all capital letters). It is unclear whether Plaintiffs are citing to different express warranties that allegedly existed and, if so, which version was furnished to which Plaintiff.

Significantly, neither Plaintiff alleges that he received the warranty such that it became part of the "basis of the bargain" of his purchase sufficient to bring the warranty within Florida's U.C.C. Fla. Stat. § 672.313 (express warranties arise only where some affirmation, description, sample, or model becomes part of the "basis of the bargain"). In fact, neither Plaintiff alleges that he ever saw or knew of the terms of the alleged express warranties. Express warranty claims have been dismissed where the complaint was "devoid of facts supporting even an inference that the terms of any alleged warranties were received by Plaintiff directly from the [defendant]." *Penn. Emp. Benefit Trust Fund v. AstraZenica Pharm. L.P.*, No. 6:09-CV-5003-ORL-22DAB, 2009 WL 2231686, *2–3 (M.D. Fla. July 20, 2009) (applying Pennsylvania's U.C.C., which is substantially similar to Florida's). As in *Pennsylvania Employees*, Plaintiffs here have not pled that each Plaintiff actually received or relied on these alleged warranties from the defendant and, instead, generally allege only that the warranties were "provided" with the products. More is required for a warranty to become a "basis of the bargain." Fla. Stat. § 672.313. Indeed, another district court has dismissed an express warranty claim concerning Remington Model 700 rifles

-15-

because the plaintiffs failed to allege they relied upon the purported warranties, such that they became the basis for their bargain. *Rodgers & Brooks v. Remington Arms Co.*, No. 09-cv-1054, 2011 WL 2746150, *1 (W.D. Ark. July 12, 2011) (adopting magistrate's report and recommendation (2010 WL 6971894, *3–4 (W.D. Ark. Oct. 27, 2010))).

Second, Plaintiffs do not specify the timeframe of the written warranties that allegedly applied to their rifles. For Plaintiff Chapman's claim to fall within the warranty period, Defendants would have needed to offer an express warranty extending more than 24 years from the date of the purchase (1985 purchase, and 2009 alleged accidental discharge). That proposition is absurd. As the Supreme Court has noted, when ruling on a motion to dismiss, the court should draw on "its judicial experience and common sense," *Iqbal*, 556 U.S. 679, both of which weigh heavily in favor of dismissal with prejudice of Chapman's claim on this basis alone.

Third, Plaintiffs do not specify when they each allegedly made a warranty claim or otherwise provided notice to Defendants of an alleged defect in their rifles. Florida Statute § 672.607(3)(a) specifies that once a tender has been accepted, the "buyer must within a reasonable period of time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Even under the most liberal reading of the Complaint, Plaintiffs discovered the "breach" by October 2009 and August 2008, when they allegedly experienced accidental discharges. Plaintiffs make only the conclusory (and incoherent) allegation that:

> When Plaintiffs made a warranty claim and provided notice to Defendants of the defects in his firearm, Defendants stated that Plaintiffs would be required to incur additional out of pocket expenses for payment of replacement trigger.

Compl. at ¶ 122. This allegation begs more questions than it answers. It is entirely unclear which of the two named "Plaintiffs" made a warranty claim regarding "the defects in his firearm," what the claim was, when this claim was made, and what the supposed "additional out of pocket

expenses" were. The naked assertion that a warranty claim was made is not sufficient to apprise Defendants—or this Court—of the basis for the claim and requires dismissal. *E.g.*, *Brisson*, 349 F. App'x at 434 (affirming dismissal of express warranty claim where there were no allegations that vehicles were presented to dealership for repair during the warranty period or that the dealership failed to make such repairs); *Ibarolla v. Nutrex Research, Inc.*, No. 12-C-4848, 2012 WL 5381236, *6 (N.D. Ill. Oct. 31, 2012) (dismissing class action breach of warranty claim where plaintiff failed to plead facts sufficient to show pre-suit notice to manufacturer or applicability of an exception to the rule).

Finally, Plaintiffs do not properly allege ***breach*** of the purported express warranties. Taking the allegations in the Complaint as true, Defendants warranted that they would repair the defects or replace the firearm at no cost, but that the buyer would bear the expense of delivering the product to the manufacturer or authorized warranty center. Compl. at ¶ 113. Thus, as Plaintiffs have alleged it, Defendants' obligation to repair or replace the firearm is contingent on the buyer returning the gun to the factory or repair center. These Plaintiffs have not alleged that they returned their rifles, much less provided the necessary specifics of the manner in which they did so. Hence, Defendants could not have breached their obligation, if any, to repair or replace those rifles. Even if the Complaint alleged these Plaintiffs returned their rifles, the Complaint is silent on whether repair or replacement occurred and, if so, whether and how that amounted to a breach of the warranty. Where, as here, the allegations are as consistent with a course of perfectly lawful conduct as they are with wrongdoing, the Complaint should be dismissed. *Twombly*, 550 U.S. at 557 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [wrongdoing] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'").

**C.** **Nor Have Plaintiffs Properly Pled a Cause of Action for Breach of Express Warranty Under the Magnuson-Moss Act.**

Plaintiffs' express warranty claims under the MMWA fare no better. Nowhere in Count IV (or in any of the 106 paragraphs Plaintiffs incorporate by reference) have Plaintiffs alleged that the express warranties were "full" warranties within the meaning of 15 U.S.C. § 2303. Unless an express warranty is a "full" warranty, state law governs whether it has been breached. *Ocana*, 992 So. 2d at 323. Therefore, Plaintiffs' MMWA express warranty claims fail for all the same reasons as the state law express warranty claims described above.

**VI.   Plaintiffs' Unjust Enrichment Claim Is Really a Tort Claim in Disguise and Thus Plaintiffs Cannot Prevail on This Theory.**

The fatal flaw in Plaintiffs' unjust enrichment claim (Count VIII) is readily apparent from the face of the Complaint. Plaintiffs never allege the lack of an adequate remedy at law. Instead, Plaintiffs allege that "Defendants by the deliberate and fraudulent conduct complained of herein, have been unjustly enriched in a manner that warrants restitution." This is not a claim for unjust enrichment at all—it is a duplicative tort claim in poor disguise.

Courts have recognized that "[l]iability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's." *Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms., Ltd.*, 329 F.3d 1241, 1245 n.3 (11th Cir. 2003). As the Eleventh Circuit has explained, the "paradigm examples of unjust enrichment are mistaken transfers." *Id.* Where, as here, an unjust enrichment claim is predicated on a "wrong to supply the unjust factor," the plaintiff's right of recovery—if any exists at all—arises from the alleged tort, not unjust enrichment. *Id.*; *State of Fla., Office of Atty. Gen. v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005); *Tilton v. Playboy Entertainment Grp., Inc.*, No. 88:05-CV-692-T-30TGW, 2007 WL 80858, *3 (M.D. Fla. Jan. 8, 2007). Because Plaintiffs have failed to allege that Defendants were unjustly enriched, independently of alleged

wrongs sounding in tort, Plaintiffs' unjust enrichment claims must be dismissed. *Tenet*, 420 F. Supp. 2d at 1309; *Flint v. ABB, Inc.*, 337 F.3d 1326, 1330 n.2 (11th Cir. 2003) (noting that when the plaintiff relies on a wrong to supply the unjust factor, "the causative event is a wrongful enrichment rather than an unjust enrichment"). Any remedy Plaintiffs may have as a result of Defendants' "deliberate and fraudulent conduct" would necessarily be a remedy at law and does not arise under the doctrine of unjust enrichment. This claim must be dismissed with prejudice.

## VII.   If the Court Dismisses the Substantive Claims, It Should Decline to Exercise Its Discretionary Jurisdiction to Enter Declaratory Judgment.

In Plaintiffs' final count, they seek a declaration of their rights with respect to the products. Plaintiffs cannot maintain a declaratory judgment action because there is no continuing controversy. *See* 28 U.S.C. § 2201; *Emory v. Peeler,* 756 F.2d 1547, 1551–52 (11th Cir. 1985). A declaratory judgment is improper where the controversy is "conjectural, hypothetical, or contingent." *Emory*, 756 F.2d at 1551–52. A federal court may not grant declaratory relief under the Act unless there is a "real and immediate" controversy that creates a "definite, rather than speculative threat of future injury." *Id.*

As described above, Plaintiffs' claims for damages all fail as a matter of law; thus, there is no controversy whatsoever with respect to these claims. Nor have Plaintiffs pled any facts suggesting even a possibility of future injury. Declaratory judgment in this case would be nothing more than an improper advisory opinion. Accordingly, the Court should exercise its discretion, *Emp'r's Liab. Assurance Corp. v. Mitchell,* 211 F.2d 441, 443 (5th Cir. 1954) ("The granting of relief by declaratory judgment is a matter within the sound discretion of the court.");[10] *see also Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir.

---

[10] All cases decided by the United States Court of Appeals for the Fifth Circuit before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) (the Act "gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so."), and dismiss the Complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Motion be granted and that Plaintiffs' Class Action Complaint be dismissed because (1) it is an improper "shotgun" pleading; (2) both Plaintiffs' FDUTPA claims are time-barred; (3) all of Plaintiff Chapman's claims are time-barred; (4) the strict liability, negligence, and fraud claims are barred by the economic loss rule; (5) the fraud claim is not pled with the required particularity; (6) the implied warranty claims fail for lack of privity; (7) the vague allegations of the express warranty claims fail to state a viable claim for relief; (8) the unjust enrichment claim fails because there is a potential remedy at law; and (9) declaratory relief would amount to an impermissible advisory opinion.

Respectfully submitted,

By:  /s/ Daniel B. Rogers
　　　PAUL T. REID
　　　Fla. Bar No. 314382
　　　preid@shb.com
　　　DANIEL B. ROGERS
　　　Fla. Bar No. 195634
　　　drogers@shb.com
　　　MICHAEL A. HOLT
　　　Fla. Bar No. 91156
　　　mholt@shb.com
　　　**SHOOK, HARDY & BACON LLP**
　　　201 S. Biscayne Boulevard, Suite 3200
　　　Miami, Florida 33131-4332
　　　Tel:　　(305) 358-5171
　　　Fax:　　(305) 358-7470

　　　JOHN K. SHERK
　　　jsherk@shb.com

AMY M. CROUCH
amcrouch@shb.com
**SHOOK, HARDY & BACON LLP**
2555 Grand Boulevard
Kansas City, Missouri  64108
Tel:      (816) 474-6550
Fax:      (816) 421-5547


DALE G. WILLS
dwills@smbtrials.com
JAMES B. VOGTS
jvogts@smbtrials.com
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Tel:      (312) 923-8266
Fax:      (312) 321-0990




## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the method of service specified below on this 1st day of March, 2013 on all counsel or parties of record on the Service List below.

By: /s/ Daniel B. Rogers
           Daniel B. Rogers

**SERVICE LIST**
*Chapman, et al. v. Remington Arms Company, LLC, et al.*
**Case No. 12-CV-24561-JEM**
**United States District Court, Southern District of Florida**

**Jordan Lucas Chaikin**
Parker Waichman LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
(239) 390-1000
Fax:  (239) 390-0055
Email:  jchaikin@yourlawyer.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**John R. Climaco**
**John A. Peca**
Climaco Lefkowitz Peca Wilcox & Garofoli
Co LPA
55 Public Square, Suite 1950
Cleveland, OH 44113
(216) 621-8484
Fax:  (216) 771-1632
Email:  jrclim@climacolaw.com
        japeca@climacolaw.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Eric D. Holland**
**R. Seth Crompton**
Holland, Groves, Schneller & Stolze, LLC
300 North Tucker Boulevard, Suite 801
St. Louis, MO 63101
(314) 241-8111
Email:  eholland@allfela.com
        scrompton@allfela.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Jon D. Robinson**
**Christopher M. Ellis**
Bolen Robinson & Ellis, LLP
202 South Franklin, 2nd Floor
Decatur, IL 62523
(217) 429-4296
Email:  jrobinson@brelaw.com
        cellis@brelaw.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Richard J. Arsenault**
**Douglas E. Rushton**
Neblett Beard & Arsenault
PO Box 1190
Alexandria, LA 71309-1190
(318) 487-9874
Fax:  (318) 561-2591
Email:  rarsenault@nbalawfirm.com
        drushton@nbalawfirm.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Charles E. Schaffer**
**Brian F. Fox**
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(212) 592-1500
Email:  cschaffer@lfsblaw.com
        bfox@lfsblaw.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Richard A. Ramler**
Ramler Law Office, P.C.
202 West Madison Avenue
Belgrade, MT 59714
(406) 388-0150
Email:  richardramler@aol.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Dale G. Wills**
**James B. Vogts**
Swanson, Martin & Bell, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 923-8266
Fax:  (312) 321-0990
Email:  dwills@smbtrials.com
          jvogts@smbtrials.com
*Attorneys for Defendants*

**John K. Sherk**
**Amy M. Crouch**
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri  64108
(816) 474-6550
Fax:  (816) 421-5547
Email:  jsherk@shb.com
          amcrouch@shb.com
*Attorneys for Defendants*

**Timothy W. Monsees**
**Andrew S. Leroy**
Monsees & Mayer, P.C.
4717 Grand Avenue, Suite 820
Kansas City, MO 64112
(816) 361-5550
Email:  tmonsees@monseesmayer.com
          aleroy@monsesmayer.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Paul T. Reid**
**Daniel B. Rogers**
**Michael A. Holt**
Shook, Hardy & Bacon LLP
201 S. Biscayne Boulevard, Suite 3200
Miami, Florida 33131-4332
(305) 358-5171
Fax:  (305) 358-7470
Email:  preid@shb.com
          drogers@shb.com
          mholt@shb.com
*Attorneys for Defendants*

689034 v6