UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-CV-24561-MARTINEZ-MCALILEY

TIM CHAPMAN and KENNETH A.
MODICA, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

vs.

REMINGTON ARMS COMPANY, LLC,
SPORTING GOODS PROPERTIES, INC.,
AND E.I. DUPONT DE NEMOURS AND
COMPANY,

        Defendants.
_____/

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Response") attempts to disguise Plaintiffs' inadequately pled claims by mischaracterizing Defendants' litigation of other matters. This transparent effort the "poison the well" only highlights that Plaintiffs are grasping at straws in an effort to save their claims from dismissal. None of these matters are relevant to the sole issue before the Court: whether Plaintiffs' Class Action Complaint states a viable cause of action. It does not. Plaintiffs cannot recover on their time-barred claims for purely economic losses under any of the theories they advance.[1]

---

[1] Plaintiffs accuse Defendants of "misleading" the Court by informing it of the economic-loss putative class actions previously and unsuccessfully brought in Oklahoma (*Kinzer* and *McCormick*) and Arkansas (*Rodgers/Brooks*) concerning Model 700 rifles. (Resp. at 3) Plaintiffs instead cite personal injury cases, which they claim demonstrate "Defendants' pattern of concealing defects through discovery abuse." (*Id.* at 4) Personal injuries and discovery matters are not at issue here. Rather, this Court must decide whether Plaintiffs can state viable economic-loss-only claims concerning Model 700 rifles against Defendants. The courts in *Kinzer*, *McCormick*, and *Rodgers/Brooks* all dealt with that issue, while Plaintiffs' personal injury cases

I. **Deciphering Plaintiffs' Shotgun Pleading Requires Defendants and the Court to Guess which Allegations Support Each of Plaintiffs' Nine Claims.**

Plaintiffs misapply the law regarding shotgun pleadings. Plaintiffs never deny that their Complaint improperly incorporates "every antecedent allegation by reference into each subsequent claim," making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Liebman v. Deutsche Bank Nat'l Trust Co.*, 462 F. App'x 876, 879 (11th Cir. 2012) (quoting *Wagner v. 1st Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006), and *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). Each count is thus "replete with factual allegations that could not possibly be material" to that specific claim. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). It is neither Defendants' nor this Court's obligation to pour through Plaintiffs' ramblings and attempt to divine which allegations Plaintiffs assert in support of each count. *See Anderson v. McGrath*, No. CV-11-01175-PHX-DGC, 2013 WL 1249154, *4 (D. Ariz. Mar. 26, 2013) ("Such 'puzzle-pleading'—where the reader is left to put together an enormously complex jigsaw puzzle—simply does not identify the who, what, when, where and how of the misconduct charged . . .").

Plaintiffs' only real response is that they properly lumped together all Defendants as allegedly engaging in the exact same conduct because their liability is supposedly "so intertwined" that "they are essentially one entity with regard to the allegations." (Resp. at 5) Plaintiffs confuse the concept of common or vicarious liability with notice pleading. Though

---

did not. For example, the *Kinzer* court dismissed implied warranty claims for lack of privity [D.E. 32-2], just as this Court should dismiss Plaintiffs' implied warranty claims for lack of privity. Similarly, the *Rodgers/Brooks* court dismissed express warranty claims because the warranties were not a "basis of the bargain" (*Brooks*, 2010 WL 6971894, *5), just as this Court should dismiss Plaintiffs' express warranty claims because the warranties were not the "basis for the bargain." The fact that Plaintiffs in this case have asserted additional claims—none of which survive as a matter of law—is not a meaningful distinction.

such allegations would have no merit, Plaintiffs are permitted to allege that all Defendants are liable for the conduct of the others. But that does not obviate the need for Plaintiffs to plead which Defendant engaged in what allegedly wrongful conduct for which the other Defendants are also purportedly responsible. Importantly, it also does not obviate the need for Plaintiffs to articulate which factual allegations relate to which count. Plaintiffs never provide any justification for ignoring their improper incorporation of every preceding allegation into each subsequent count. Plaintiffs must replead to cure this defective shotgun Complaint. The only question is whether an attempt to amend will be futile. As described below, it will.

## II. On the Face of the Complaint, Both Plaintiffs' FDUTPA Claims are Time-Barred, as Are All of Plaintiff Modica's Claims.

Plaintiffs acknowledge that a complaint may be dismissed where it "appears from the face of the complaint that the claim is time-barred." (Resp. at 6); *see also Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194–97 (11th Cir. 2008) (affirming dismissal of claim as time-barred). Both Plaintiffs' FDUTPA claims are time-barred on the face of the Complaint. Plaintiff Chapman alleges he purchased his rifle in 1985, and Plaintiff Modica alleges he purchased his rifle in 2005. Their FDUTPA claims accrued at the time of their respective purchases regardless of when they discovered the alleged defects. *See Matthews v. Am. Honda Motor Co.*, No. 12-60630-CIV, 2012 WL 2520675, *3–4 (S.D. Fla. June 6, 2012); *S. Motor Co. of Dade Cnty. v. Doktorcyzk*, 957 So. 2d 1215, 1218 (Fla. 3d DCA 2007); *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip. Co.*, 793 So. 2d 1127, 1128 (Fla. 5th DCA 2001), *approved by Davis v. Monahan*, 832

So. 2d 708, 711 (Fla. 2002). Thus, the four-year limitation period bars both Plaintiffs' FDUTPA claims.[2]

Plaintiffs appear to contend that the delayed discovery doctrine applies to FDUTPA claims. Florida law is the exact opposite. *See*, *e.g.*, *Yusuf*, 793 So. 2d at 1128. Plaintiffs suggest the Court ignore this authority from a Florida district court of appeal. (Resp. at 7) Respectfully, this Court is "obligated to follow decisions from the Florida intermediate appellate courts unless there is some persuasive indication that the Supreme Court would decide the case differently." *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1280 (11th Cir. 2003) (citing *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002)); *see also Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) ("The decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by [the Florida Supreme Court]."). That Plaintiffs disagree with binding authority that undermines their claim is not a "persuasive indication that the Florida Supreme Court would decide the case differently." This is particularly true where the Florida Supreme Court has approved the intermediate appellate court's decision. *See Davis*, 832 So. 2d at 711 (approving *Yusuf*). *Yusuf* controls here, and the delayed discovery doctrine does not save Plaintiffs' time-barred FDUTPA claims.[3]

---

[2] If Plaintiffs' FDUTPA claims somehow survive, the Court should strike the request for punitive damages. Plaintiffs argue punitive damages may be available, citing *Rollins, Inc. v. Heller*, 454 So. 2d 580 (Fla. 3d DCA 1984), and *Beacon Property Management, Inc. v. PNR, Inc.*, 890 So. 2d 274 (Fla. 4th DCA 2005). Neither case supports Plaintiffs' position. While the *Rollins* court acknowledged that punitive damages might be available if the plaintiff proved **fraud**, the court specifically said, "[a] claim for punitive damages is outside the scope of chapter 501 and the FDUTPA." 454 So. 2d at 585. In *Beacon*, although the court affirmed a judgment including punitive damages, the verdict did not award punitive damages for the FDUTPA violation, *see* Verdict Form, *PNR, Inc. v. Ocean One N., Inc.*, 1998 WL 35428081 (Fla. 15th Cir. Ct. Dec. 16, 1998), and on remand, the judgment did not award punitive damages at all. *See* 2d Am. Final J., *PNR, Inc. v. Ocean One N., Inc.*, 2006 WL 5688128 (Fla. 15th Cir. Ct. June 16, 2006).

[3] Wrongly assuming that the delayed discovery doctrine applies, Plaintiffs hypothesize that Defendants will defend this action by proving Plaintiffs were at fault for the accidental discharge

Next, Plaintiffs argue that Defendants are equitably estopped from relying on the statute of limitations because they supposedly fraudulently concealed the alleged defect in Model 700 rifles. Plaintiffs' argument is contrary to *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV, 2011 WL 1833366, *6 (S.D. Fla. May 13, 2011). In *Point Blank*, the plaintiff sued a product manufacturer, alleging breach of express and implied warranties, false advertising, fraud, and deceptive trade practices. The plaintiffs alleged that (i) they did not know the product was defective and (ii) the manufacturer made statements that the product was not defective and did not disclose contradictory data. The court found the FDUTPA claim time-barred because suit was not brought within 4 years after the purchase of the product:

> Equitable estoppel prevents a party from asserting the statute of limitations as a defense when his conduct has induced another into forbearing suit within the applicable limitations period. Thus, ***equitable estoppel presupposes that the plaintiff knows of the facts underlying the cause of action but delayed filing suit because of the defendant's conduct***. Here, however, Plaintiffs did not, and could not, forbear bringing suit because they did not know they had a claim to bring. Plaintiffs admit this in its opposition to Defendants' motion for summary judgment by arguing that Defendants' actions prevented them from "discovering its causes of action." Thus, Plaintiffs admit that they did not know they had claims to bring. Consequently, equitable estoppel does not apply in this case. Therefore, Plaintiffs' FDUTPA claim is time barred.

*Id.* at *6 (emphasis added, internal citations and quotations omitted).

Plaintiffs here have taken a similar inconsistent position. On one hand, they argue that they did not know they had a cause of action until some unidentified time "shortly before" filing this lawsuit. (Resp. at 6) At the same time, they argue Defendants are equitably estopped from

---

of their rifles. (Resp. at 12) Plaintiffs argue that if they are at fault, "they could have had no knowledge of the defect, and the cause of action could not have accrued until shortly before filing the CAC." (*Id.*) Not only does this speculative argument put the cart before the horse, it makes no sense. The fact that Plaintiffs' own conduct may have caused their purported accidental discharges is irrelevant to commencement of the statute of limitations. Any argument that a plaintiff must know of the alleged product defect before accrual occurs is without merit. Such a requirement would completely eviscerate a plaintiff's duty to exercise due diligence.

raising a statute of limitations defense because they concealed information from Plaintiffs. (*Id.* at 7–11) Both cannot be. Equitable estoppel is only applicable to the extent Plaintiffs knew of their claim but delayed filing suit based on Defendants' conduct. Plaintiffs' contentions regarding their lack of knowledge are thus fatal to their estoppel argument.

Plaintiffs suggest *Point Blank* was wrongly decided and urge the Court to instead follow the Northern District of California's prediction of Florida law in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 4387812 (N.D. Cal. Sept. 20, 2011). Plaintiffs offer no explanation why this Court should adopt a California court's prediction of Florida law applied to an antitrust lawsuit rather than follow a decision from this very district involving allegations almost identical to the claims Plaintiffs have made in this lawsuit. Moreover, a recent decision from Florida's Third District Court of Appeal confirms that *Point Blank* is correct. *See Rubio v. Archdiocese of Miami, Inc.*, No. 3D12-85, 2013 WL 1629222, *1-2 (Fla. 3d DCA Apr. 17, 2013) (holding equitable estoppel did not save an untimely complaint from dismissal, where the complaint did not explain how the defendant induced the plaintiff, who recognized the basis for filing suit, into forbearing suit).

In any event, even if the estoppel defense were available (it is not), Plaintiffs have not alleged fraud with the required particularity in order to invoke the estoppel. *See* Section IV, *infra.* Accordingly, Plaintiffs cannot avoid the impact of Florida's statute of limitations. *See*, *e.g.*, *Wallace v. Mtg. Elec. Registration Sys., Inc.*, No. 10-2509-CIV, 2011 WL 1298195, *4 (M.D. Fla. Apr. 1, 2011) (where a party seeks to invoke equitable estoppel based on fraudulent concealment, such fraud must be pled with the particularity required under Rule 9(b)). Because

Plaintiffs' deficient estoppel/fraudulent concealment argument is the only basis provided for not dismissing Plaintiff Modica's claims as time-barred, all of his claims should be dismissed.[4]

### III. Plaintiffs Tort Claims Are Barred by the Products-Liability Economic Loss Rule, Which Does Not Contain the Exceptions on Which Plaintiffs Rely.

Plaintiffs argue their fraud claims survive the economic loss rule because it does not bar intentional torts that are independent of a breach of contract. (Resp. at 12) In making this argument, Plaintiffs confuse the products-liability and contractual-privity economic loss rules discussed in *Indemnity Insurance Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532 (Fla. 2004). The products-liability economic loss rule limits "tort liability with respect to defective products to injury caused to persons or damage caused to property other than the defective product itself." *Id.* at 541. In such circumstances, tort law "has not replaced warranty law as the remedy for frustrated economic expectations in the sale of goods." *Id.* In contrast, the contractual-privity economic loss rule prohibits "tort actions to recover solely economic damages for those in contractual privity." *Id.* at 536. "[W]hen the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement." *Id.* at 536-37.

The "exception" to the economic loss rule for intentional torts independent of a breach of contract, relied upon by Plaintiffs here to save their fraud claims, was an exception to the contractual-privity economic loss rule. *Id.* at 537. However, as Defendants explained in their motion, it is the products-liability economic loss rule that bars Plaintiffs' strict liability, negligence, and fraud claims that seek solely economic losses for an allegedly defective product

---

[4] Plaintiffs try to buttress their deficient fraudulent concealment allegations by citing the Court to purported discovery violations in different personal injury cases against Remington that had nothing to do with these Plaintiffs. (Resp. at 10–11) Those irrelevant references are not helpful to the Court in deciding the issue here—whether the allegations in this Complaint state viable claims by these Plaintiffs against Defendants.

that has caused no personal injury or damage to other property. Hence, Plaintiffs' effort to save their fraud claims based on an exception to the contractual-privity economic loss rule simply does not work.[5]

Plaintiffs make a different, yet still flawed, argument regarding their strict liability and negligence claims. Plaintiffs contend the economic loss rule does not bar those claims because they would be left with no "alternative means of recovery." (Resp. at 13) This argument fails. *Interfase Marketing, Inc. v. Pioneer Technologies Group, Inc.*, 774 F. Supp. 1351 (M.D. Fla. 1991), relied upon by Plaintiffs, is a contractual-privity economic loss rule case. It held that a fraud claim could go forward, despite the contractual-privity economic loss rule, because "Interfase does not have a contractual remedy against Pioneer, because no contract exists." *Id.* at 1354. This has no relevance to Plaintiffs' strict liability and negligence claims, which do not involve a claim for personal injury or damage to other property and are therefore barred by the products-liability economic loss rule.[6]

## IV.    Plaintiffs Fail to Allege Fraud with the Requisite Particularity.

Plaintiffs concede that they must plead (1) precisely what statements, representations, or omissions were made; (2) the time and place of each such statement and who made it; (3) the content of the statement and the manner in which it misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud. (Resp. at 13 (quoting *Ziemba v. Cascade Int'l*,

---

[5] In fact, after Defendants filed their motion, but before Plaintiffs filed their response, the Florida Supreme Court issued *Tiara Condominium Association, Inc. v. Marsh & McLennan Cos.*, 38 Fla. L. Weekly S151, 2013 WL 828003 (Fla. Mar. 7, 2013), which abolished the contract-based economic loss rule and held only the products-liability economic loss rule applies in Florida.

[6] *Interfase* and Plaintiffs also cite *A.R. Moyer, Inc. v. Graham*, 285 So. 2d 397 (Fla. 1973), and *Latite Roofing Co. v. Urbanek*, 528 So. 2d 1381 (Fla. 4th DCA 1988). The Florida Supreme Court expressly disapproved of *Latite* and limited *Graham* strictly to its facts. *See Casa Clara Condo. Ass'n, Inc. v. Charley Toppino & Sons, Inc.*, 620 So. 2d 1244, 1248 (Fla. 1993). The other cited case, *Interstate Security Corp. v. Hayes Corp.*, 920 F.2d 769 (11th Cir. 1991), is also an inapposite fraud/contractual-privity economic loss rule case.

*Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001))) Plaintiffs' Response tacitly concedes that the Complaint does not plead all of the required details by offering no arguments with respect to the manner in which Plaintiffs were misled or the benefits Defendants allegedly received. And Plaintiffs' attempts to explain the substance of when, where, to whom, and by whom any alleged representations or omissions were made are unavailing.

Plaintiffs claim that several individuals made misrepresentations or suppressions of the truth about the Model 700 rifle. (Resp. at 14) However, the very examples they cite belie their contentions. Specifically, even assuming that a former employee expressed concerns about safety in "internal company memos" and that in response to a 2010 television special Remington stated that the rifles were not defective (*see id.* (citing Compl. at ¶¶ 52, 55)), neither of these can be the basis for a fraud claim here. These Plaintiffs could not have possibly relied on either of these statements. They have not alleged (and indeed cannot allege) that the former statement was ever communicated to Plaintiffs.[7] And the latter statement came years after Plaintiffs purchased their rifles and even after Plaintiffs purportedly experienced accidental discharges. *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1177 (11th Cir. 1994) (a fraud claim cannot be premised on representations after the fact). The other example Plaintiffs cite involves the testimony of another former Remington employee who testified in another case regarding his ***opinion***. (Resp. at 14; Compl. at ¶ 43) A statement of opinion cannot support a fraud claim. *See*, *e.g.*, *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1342 (S.D. Fla. 2011).[8]

---

[7] Either way, Florida's statute of repose would bar any fraud claim based on a representation made before December 31, 2000. Fraud claims are required to be brought within 12 years of the allegedly fraudulent statement, regardless of when the falsity of the statement is discovered. Fla. Stat. § 95.031(2)(a).

[8] Plaintiffs also argue that Defendants made false statements regarding the rifles being "fully warranted against defects in workmanship." (Resp. at 15 (citing Compl. at ¶ 120)). This is one of

To the extent Plaintiffs attempt to characterize their fraud allegations as claims for "fraudulent concealment" (*e.g.*, Resp. at 15), they make none of the required allegations of reasonably diligent attempts to uncover the truth. *See Greenberg v. Miami Children's Hosp. Research Institute, Inc.*, 264 F. Supp. 2d 1064, 1073 (S.D. Fla. 2003) (claims for fraudulent concealment generally require plaintiffs to allege and prove the lack of actual or constructive knowledge and that they could not have learned of the facts through the exercise of due diligence). Nor could they ever make that allegation, as the Complaint suggests that information about the alleged defects was available in the public domain for over 40 years. *See* Compl. at ¶ 34 (alleging Consumer Reports published an article in 1968 regarding the very same accidental discharges Plaintiffs complain of here). Moreover, pointing to Remington's response to the CNBC piece as fraudulent concealment makes no sense because the CNBC piece itself provided the very facts that Plaintiffs claim were allegedly concealed from them. Plaintiffs' fraud claim fails on every level.

**V.    The "Inherently Dangerous Product" Exception to the Privity Requirement for an Implied Warranty Claim Was Laid to Rest When Florida Adopted Strict Liability.**

Plaintiffs wrongly contend that there is an exception to the privity requirement for their implied warranty claim for inherently dangerous products, including guns. Plaintiffs cite four cases, all of which pre-date Florida's adoption of strict products liability. (Resp. at 15–16 & n. 9 (citing *Toombs v. Ft. Pierce Gas Co.*, 208 So. 2d 615 (Fla. 1968) (involving death and injuries caused by an exploding propane tank); *Matthews v. Lawnlite Co.*, 88 So. 2d 299 (Fla. 1956) (involving a plaintiff whose finger was severed by a lawn chair); *Dudley v. Mae's Disc. Fabrics*, 323 So. 2d 279, 280 (Fla. 2d DCA 1975) (involving a child who was severely burned when a

---

the few allegations that was not, in fact, incorporated by reference into Plaintiffs' fraud count—because the fraud count preceded that allegation in a later count.

piece of fabric "exploded and burst into flames"); and *Adair v. Island Club*, 225 So. 2d 541, 547 (Fla. 2d DCA 1969) (involving injuries from exposure to chlorine gas that leaked from defective containers)))

Plaintiffs fail, however, to cite the seminal case on the dangerous instrumentality exception to the privity requirement—*West v. Caterpillar Tractor Co.*, 336 So. 2d 80 (Fla. 1976). In *West*, the Florida Supreme Court adopted the Restatement's doctrine of strict liability for manufacturers of dangerous products, thereby abrogating its prior carve-outs to the privity requirement for implied warranty claims by allowing an injured consumer to bring an action in tort instead of contract. *See id.* at 84–87. Plaintiffs have cited no cases since *West* applying the dangerous instrumentality exception to implied warranty claims—because there are none. Because Plaintiffs were not in privity with Defendants and no exception applies, Plaintiffs' implied warranty claims under Florida law and the MMWA all fail.

**VI.   Plaintiffs Have Not Made Allegations Sufficient to Support Their Express Warranty Claims Under Florida Law or the MMWA.**

Plaintiffs' principal arguments in support of their state-law express warranty claims are simply not supported by the allegations in the Complaint itself. Plaintiffs acknowledge that they must allege an express warranty that became a "basis of the bargain" between Plaintiffs and Defendants. (Resp. at 17) They then cite *Moss v. Walgreen Co.*, 765 F. Supp. 2d 1363, 1368 (S.D. Fla. 2011), for the unremarkable proposition that product labels might constitute express warranties. But nowhere in the 42-page Complaint do they allege that the express warranties on which they purport to have relied were part of the rifles' packaging. Indeed, there is nothing in the Complaint at all suggesting Plaintiffs relied on the warranties in any way at the time of the purchase. Further, as set forth in Defendants' motion, Plaintiffs have not properly alleged breach or notice. Plaintiffs cannot point to any allegations describing which Plaintiff notified which

Defendant, if any, of the purported defect, whether such notice occurred during the warranty period, or whether Plaintiffs followed the warranty's procedures to have their rifles repaired. Accordingly, Plaintiffs' claims based on Florida's express warranty law fail.

Similarly, Plaintiffs have not alleged an express warranty claim that is actionable under the MMWA. There is no mention of a "full" warranty within the meaning of the MMWA anywhere in the first 118 Paragraphs of the shotgun Complaint (all of which were improperly incorporated into the MMWA count). Having neither pled the existence of an actionable express warranty under the MMWA nor a viable state-law express warranty claim, both must be dismissed.

### VII. Plaintiffs' Unjust Enrichment Claim Must Be Dismissed Based on Binding Eleventh Circuit Authority.

Plaintiffs invite this Court to disregard two district court decisions and two published Eleventh Circuit decisions, which applied Florida law and held that unjust enrichment claims cannot be predicated on a "wrong," like Plaintiffs' claims are here. According to Plaintiffs, those cases "are grounded on a single law review article from Texas that makes no mention of Florida law." (Resp. at 19) Respectfully, this Court is not free to disregard published cases from the Eleventh Circuit—and certainly should not do so simply because the court relied on a law review article. For the reasons stated in Defendants' motion and in light of the binding Eleventh Circuit case law on point, Plaintiffs' unjust enrichment claim should be dismissed.

### VIII. Because There Is No Continuing Controversy Between These Plaintiffs and Defendants, a Declaratory Judgment Would Be Improper.

Plaintiffs acknowledge that in order to maintain an action for declaratory or injunctive relief, a plaintiff "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." (Resp. at 20 (quoting *Walden v. Centers for Disease Control & Prevention*, 669 F.3d 1277, 1284 (11th Cir. 2012))) From this statement alone, it is apparent that

Plaintiffs cannot maintain this action. Plaintiffs' allegations boil down to their generalized complaints about their disappointed economic expectations. Any injury Plaintiffs contend to have suffered occurred in the past. For this reason alone, as well as those reasons specified in Defendants' motion, Plaintiffs' declaratory judgment count must be dismissed. Plaintiffs have no cognizable claims in their own rights; a declaratory judgment would be nothing more than an improper advisory opinion.

## CONCLUSION

For the reasons set forth above and in Defendants' motion, Plaintiffs' Complaint must be dismissed with prejudice.

Respectfully submitted,

By: /s/ Daniel B. Rogers
    PAUL T. REID
    Fla. Bar No. 314382
    preid@shb.com
    DANIEL B. ROGERS
    Fla. Bar No. 195634
    drogers@shb.com
    MICHAEL A. HOLT
    Fla. Bar No. 91156
    mholt@shb.com
    **SHOOK, HARDY & BACON LLP**
    201 S. Biscayne Boulevard, Suite 3200
    Miami, Florida 33131-4332
    Tel:   (305) 358-5171
    Fax:  (305) 358-7470

    JOHN K. SHERK
    jsherk@shb.com
    AMY M. CROUCH
    amcrouch@shb.com
    **SHOOK, HARDY & BACON LLP**
    2555 Grand Boulevard
    Kansas City, Missouri  64108
    Tel:   (816) 474-6550
    Fax:  (816) 421-5547

    DALE G. WILLS

>dwills@smbtrials.com
>JAMES B. VOGTS
>jvogts@smbtrials.com
>**SWANSON, MARTIN & BELL, LLP**
>330 N. Wabash Avenue, Suite 3300
>Chicago, Illinois 60611
>Tel:     (312) 923-8266
>Fax:     (312) 321-0990

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the method of service specified below on this 25th day of April, 2013 on all counsel or parties of record on the Service List below.

By: /s/ Daniel B. Rogers
Daniel B. Rogers

## SERVICE LIST
*Chapman, et al. v. Remington Arms Company, LLC, et al.*
Case No. 12-CV-24561-JEM
United States District Court, Southern District of Florida

**Jordan Lucas Chaikin**
Parker Waichman LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
(239) 390-1000
Fax: (239) 390-0055
Email: jchaikin@yourlawyer.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Jon D. Robinson**
**Christopher M. Ellis**
Bolen Robinson & Ellis, LLP
202 South Franklin, 2nd Floor
Decatur, IL 62523
(217) 429-4296
Email: jrobinson@brelaw.com
cellis@brelaw.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**John R. Climaco**
**John A. Peca**
Climaco Lefkowitz Peca Wilcox & Garofoli Co LPA
55 Public Square, Suite 1950
Cleveland, OH 44113
(216) 621-8484
Fax: (216) 771-1632
Email: jrclim@climacolaw.com
japeca@climacolaw.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Richard J. Arsenault**
**Douglas E. Rushton**
Neblett Beard & Arsenault
PO Box 1190
Alexandria, LA 71309-1190
(318) 487-9874
Fax: (318) 561-2591
Email: rarsenault@nbalawfirm.com
drushton@nbalawfirm.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Eric D. Holland**
**R. Seth Crompton**
Holland, Groves, Schneller & Stolze, LLC
300 North Tucker Boulevard, Suite 801
St. Louis, MO 63101
(314) 241-8111

**Charles E. Schaffer**
**Brian F. Fox**
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(212) 592-1500

Email: eholland@allfela.com
       scrompton@allfela.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Richard A. Ramler**
Ramler Law Office, P.C.
202 West Madison Avenue
Belgrade, MT 59714
(406) 388-0150
Email: richardramler@aol.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**W. Mark Lanier**
The Lanier Law Firm
6810 F. M. 1960 Rd. West
Houston, Texas 77069
(713) 659-5200
Email: wml@lanierlawfirm.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**John K. Sherk**
**Amy M. Crouch**
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550
Fax: (816) 421-5547
Email: jsherk@shb.com
       amcrouch@shb.com
*Attorneys for Defendants*

Email: cschaffer@lfsblaw.com
       bfox@lfsblaw.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Timothy W. Monsees**
**Andrew S. Leroy**
Monsees & Mayer, P.C.
4717 Grand Avenue, Suite 820
Kansas City, MO 64112
(816) 361-5550
Email: tmonsees@monseesmayer.com
       aleroy@monsesmayer.com
*Attorneys for Plaintiffs*
Service by CM/ECF

**Paul T. Reid**
**Daniel B. Rogers**
**Michael A. Holt**
Shook, Hardy & Bacon LLP
201 S. Biscayne Boulevard, Suite 3200
Miami, Florida 33131-4332
(305) 358-5171
Fax: (305) 358-7470
Email: preid@shb.com
       drogers@shb.com
       mholt@shb.com
*Attorneys for Defendants*

**Dale G. Wills**
**James B. Vogts**
Swanson, Martin & Bell, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 923-8266
Fax: (312) 321-0990
Email: dwills@smbtrials.com
       jvogts@smbtrials.com
*Attorneys for Defendants*

692261 v5