UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TIM CHAPMAN and KENNETH A.
MODICA, on behalf of themselves
and all others similarly situated,

               Plaintiffs,

                                          CASE NO.: 1:12-CV-24561-JEM

v.

REMINGTON ARMS COMPANY, LLC.,
SPORTING GOODS PROPERTIES, INC.
and E.I. DU PONT DE NEMOURS AND
COMPANY,

               Defendants.
_____/

**PLAINTIFFS' SURREPLY IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

**Introduction**

Defendants' Reply in Support of their Motion to Dismiss, ECF No. 53 ("Defendants' Reply"), largely is an inappropriate attempt to reargue matters covered in their Motion to Dismiss, ECF No. 32 ("Defendants' MTD").[1] This Court's Local Rule 7.1(c) requires that reply briefs "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." As such, in the interest of judicial economy, Plaintiffs have not responded to, and respectfully request this Court disregard, the following sections of Defendants' Reply as they violate Local Rule 7.1(c):

- Part I: "Deciphering Plaintiffs' Shotgun Pleading Requires Defendants and the Court to Guess which Allegations Support Each of Plaintiffs' Nine Claims." Reply at 2-3;[2]

---

[1] Defendants express concern that Plaintiffs' citation to related cases (despite the fact that they have done the same) will "poison the well" thus preventing this Court from making a fair, unbiased decision in this case. Plaintiffs do not share this concern about the Court's impartiality. Regardless, the cases cited by Plaintiffs are public records and thus permissibly considered by the Court on a motion to dismiss. Universal Express, Inc. v. U.S. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006).

[2] This Part reargues the same points from Defendants' MTD Part I: "The Complaint Must Be Dismissed as an Improper 'Shotgun' Pleading'", MTD at 4-5, except now Defendants concede that dismissal would be inappropriate. Reply at 3.

- Part II: "On the Face of the Complaint, Both Plaintiffs' FDUTPA Claims are Time-Barred, as Are All of Plaintiff Modica's Claims." Reply at 3-7;[3]

- Part IV. "Plaintiffs Fail to Allege Fraud with the Requisite Particularity." Reply at 8-10;[4]

- Part VI. "Plaintiffs Have Not Made Allegations Sufficient to Support Their Express Warranty Claims Under Florida Law or the MMWA." Reply at 11-12;[5] and

- Part VIII: "Because There Is No Continuing Controversy Between These Plaintiffs and Defendants, a Declaratory Judgment Would Be Improper." Reply at 12-13.[6]

Defendants' remaining arguments are unfounded and Defendants' MTD should be denied.

## Argument

### I. Plaintiffs' Tort Claims Are Not Barred by the Economic Loss Rule, as Clarified by *Tiara*.

The Florida Supreme Court recently held that "the economic loss rule applies only in the products liability context." *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, No. SC10-1022, 2013 WL 828003, at *7 (Fla. Mar. 7, 2013). In *Tiara*, the court discussed the development of the economic loss rule, which had improvidently been expanded beyond products liability cases and sparked the development of a morass of convoluted, fact-specific, exceptions to the rule. *Id.* In order to limit the application of the rule, the Supreme Court did away with the "contractual privity economic loss rule". *See id.* at *8. The court did not, as Defendants contend, eliminate the exceptions to the products liability economic loss rule. *See id.* at *6 (citing exceptions in *Am. Aviation* which apply in "either privity of contract or products liability" then merely holding that the rule is only applicable in products liability cases). *Tiara*

---

[3] This Part reargues the same points from Defendants' MTD Part II: "Both Plaintiffs' FDUTPA Claims are Time-Barred, and Plaintiff Modica's Other Claims are Time-Barred." MTD at 5-8. Regardless, Defendants' arguments raise factual issues not appropriately decided at the motion to dismiss stage.

[4] This Part reargues the same points from Defendants' MTD Part IV: "Plaintiffs Have Also Failed to Plead Fraud With the Requisite Particularity." MTD at 10-12.

[5] This Part reargues the same points from Defendants' MTD Part V.B & C titled: "Plaintiffs Have Not Stated a Cause of Action for Breach of Express Warranty Under Florida Law" and "Nor Have Plaintiffs Properly Pled a Cause of Action for Breach of Express Warranty Under the Magnuson-Moss Act" respectively. *See* MTD at 14-18.

[6] This Part reargues the same points from Defendants' MTD Part VII: "If the Court Dismisses the Substantive Claims, It Should Decline to Exercise Its Discretionary Jurisdiction to Enter Declaratory Judgment" MTD at 19-20.

left untouched, although now expressly limited to products liability cases, the exceptions to the economic loss rule. As the Supreme Court explained:

> where the defendant is a manufacturer or distributor of a defective product which damages itself but does not cause personal injury or damage to any other property . . . the economic loss rule [does] not prevent . . . an action and recovery for intentional torts, such as, fraud, conversion, intentional interference . . . .

*Curd v. Mosaic Fertilizer, LLC,* 39 So.3d 1216, 1223 n.4 (Fla.2010) (citing *Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.,* 891 So.2d 532 (Fla.2004)).[7] Thus, Defendants' argument that the economic loss rule bars Plaintiffs' intentional tort claims necessarily fails. Additionally, in products liability cases, "the other exceptions to the economic loss rule that have developed, such as for . . . fraudulent inducement, and negligent misrepresentation . . . still apply." *Am. Aviation*, 891 So. 2d at 543. Thus Defendants' argument that the economic loss rule bars Plaintiffs' negligence claims necessarily fails.

## II. Inherently Dangerous Products Are Excepted from the Privity Requirement for Implied Warranty Claims.

Defendants claim that no Florida cases after 1976 (when Florida adopted strict liability in tort) exist showing implied warranty claims are allowed absent privity. However, later Florida cases demonstrate that the exception still is good law in Florida. In *Cedars of Lebanon Hosp. Corp. v. European X-Ray Distributors of Am., Inc.*, 444 So. 2d 1068 (Fla. Dist. Ct. App. 1984) the court approved of the holding in *Henningsen v. Bloomfield Motors, Inc.*, 161 A.2d 69 (N.J. 1960), and its expansion in various Florida cases "to validate actions for damages which a purchaser suffers when he is induced to buy the manufacturer's product and the product turns out to be worthless." *Id.* at 1071. Specifically the court cited *S. Cotton Oil Co. v. Anderson*, 86 So. 629 (Fla. 1920), which first established the dangerous instrumentality exception and which remains good law in Florida today. *Id.* at 1070. The *Cedars* court noted "it is clear that there remains an abundance of uncertainty about the degree to which privity is required to maintain a breach of warranty action by an ultimate purchaser against a manufacturer where the only damages are those for loss of bargain." *Id.* at 1071-1072. The court concluded that while "it is incorrect to state that there is no cause of action for economic damages under a breach of warranty theory, courts and jurisdictions differ as to when such a cause of action will be allowed and under what circumstances [but here] there is no good reason for us to adopt a strictly

---

[7] *Accord* Tardif v. People for Ethical Treatment of Animals, 829 F. Supp. 2d 1219, 1228 (M.D. Fla. 2011).

literalist adherence to the doctrine of privity." *Id* at 1072. Further, despite Defendants' contentions, *West* simply does not hold that the dangerous instrumentality exception to the implied warranty privity requirement is invalid when the plaintiff does not allege personal injuries. *West v. Caterpillar Tractor Co., Inc.*, 336 So. 2d 80, 88 (Fla. 1976). Thus, absent an express holding by the Florida appellate courts, the dangerous instrumentality exception to the implied warranty privity requirement remains good law and, similar to the plaintiff in *Cedars*, Plaintiffs' implied warranty claims under state law and the MMWA should not be dismissed.

### III. Plaintiffs' Unjust Enrichment Claims Are Not Barred by Eleventh Circuit Authority.

Defendants claim that in order to allow Plaintiffs' unjust enrichment claims to survive this motion, this Court must disregard "binding Eleventh Circuit case law on point." Reply at 12. This claim is false. The two cases to which Defendants presumably refer are *Guyana Tel. & Tel. Co., Ltd. v. Melbourne Int'l Commc'ns, Ltd.*, 329 F.3d 1241 (11th Cir. 2003) and *Flint v. ABB, Inc.*, 337 F.3d 1326 (11th Cir. 2003). *Guyana* and *Flint* do not dictate that Plaintiffs' unjust enrichment claims must be dismissed because they are predicated on a 'wrong.'" Reply at 12. In *Guyana*, the court noted that even though the plaintiff had titled his claim "unjust enrichment," 329 F.3d at 1245 n.3, because the claim was predicated on a the defendants' wrongdoing the court treated the claim as a request for restitution – and upheld plaintiff's right to seek restitution to the extent it did not conflict with the prohibition against double recovery. *Id.* at 1249. Similarly, in *Flint* the court noted that when the plaintiff relies on a wrong to supply the "unjust factor," the causative event is a wrongful enrichment rather than an unjust enrichment, 337 F.3d at 1331 n.2, but dismissed the plaintiff's ERISA claims on other grounds. *Id.* at 1331.[8] Thus, Plaintiffs' "unjust enrichment" claims may more accurately have been titled "restitution" or "wrongful enrichment," but no binding precedent dictates that Plaintiffs' equitable claims must be dismissed.

---

[8] Admittedly, Defendants cite two Florida district court cases that have dismissed unjust enrichment claims under Rule 12(b)(6), with a citation to *Guyana* and *Flint*. Defs MTD at 18 (citing *State of Fla., Office of Atty. Gen., Dep't of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005); *Tilton v. Playboy Entm't Grp., Inc.*, 8:05CV692 T30TGW, 2007 WL 80858, at *3 (M.D. Fla. Jan. 8, 2007)). Of course neither district court case is binding precedent on this Court.

**Conclusion**

For the reasons set forth above and in Plaintiffs' Opposition to Defendants' Motion to Dismiss, Plaintiffs respectfully request this Honorable Court deny Defendants' Motion to Dismiss.[9]

Respectfully submitted,

By:     /s/ Jordan L. Chaikin
Jordan L. Chaikin
Florida Bar Number 0878421
**PARKER WAICHMAN LLP**
3301 Bonita Beach Road, Suite 101
Bonita Springs, Florida 34134
Telephone: (239) 390-1000
Facsimile: (239) 390-0055
Email: jchaikin@yourlawyer.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court this 23rd day of May 2013, by using the CM/ECF system which will send notice of electronic filing to all parties of record.

By:     /s/ Jordan L. Chaikin
Jordan L. Chaikin
Florida Bar Number 0878421
**PARKER WAICHMAN LLP**
3301 Bonita Beach Road, Suite 101
Bonita Springs, Florida 34134
Telephone: (239) 390-1000
Facsimile: (239) 390-0055
Email: jchaikin@yourlawyer.com

---

[9] Alternatively, should this Court dismiss any of Plaintiffs' claims, Plaintiffs respectfully suggest that such a dismissal should be without prejudice – thereby allowing Plaintiffs to correct any perceived deficiencies.